IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEAVIE SCOTT,

                    Petitioner,

          v.                                CASE NO. 10-3096-RDR

(FNU) CHESTER,

                    Respondent.


## MEMORANDUM AND ORDER

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner seeks unspecified relief from disciplinary action.

**Facts**

Petitioner was incarcerated in the United States Penitentiary, Leavenworth (USPL), at all relevant times.

On the afternoon of July 14, 2009, petitioner's Unit Manager saw him moving away from his housing area through the USPL Center Hall and later leaving another housing area carrying newspapers. He was directed to the Lieutenant's Office.

On the following day, he was issued a disciplinary incident report charging him with being in an unauthorized area. The incident was investigated by a lieutenant. Petitioner gave a written statement and requested access to certain videotapes to show that personnel in the unauthorized area had given permission to get the

newspapers. In his statement, petitioner also asserted that the Unit Manager said, "I am writing you up because you wrote me up." The investigator referred the matter to the Unit Discipline Committee (UDC) for additional review.

The UDC met on July 17, 2009, to consider the incident report. Petitioner explained to the committee that he had permission from the housing unit officer to get the newspapers. The UDC conferred with the officer who was on duty on the date of the incident, and that officer stated he had not given petitioner such permission. The UDC then found that petitioner had committed the act charged and entered sanctions of loss of telephone and commissary privileges for 30 days. The UDC did not refer the charges to a Discipline Hearing Officer (DHO) for additional proceedings, and petitioner did not lose any good conduct time as a result of the misconduct.

Petitioner exhausted available administrative remedies before he commenced this action.

## Discussion

A prisoner has a protected liberty interest in accrued good conduct credits, and such credits may not be revoked without procedural due process. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that inmates facing the loss of such credits are entitled to advance written notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence where this is consistent with institutional safety and correctional goals, and a written statement explaining the reasons for the disciplinary decision and the supporting

2

evidence. *Wolff*, 418 U.S. at 563-67.

However, a prisoner does not have a right to these procedural due process protections in every disciplinary action, but only in those matters that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A limited restriction on prison privileges generally does not implicate a protected liberty interest or require due process protections. *See Rodriguez v. Gen. Counsel for the Fed. Bureau of Prisons*, 315 Fed. Appx. 79, 80, 2009 WL 485032, *1 (10th Cir. Feb. 27, 2009)(unpublished)(no protected liberty interest presented where prisoner was sanctioned with 60-day loss of commissary and telephone privileges).[1] Accordingly, the sanctions imposed in the present case involving the 30-day loss of the same privileges do not implicate the Due Process Clause.

Next, an action under § 2241 is the proper remedy for a prisoner who challenges a disciplinary action that results in the loss of good  time credits. *See, e.g., Pearson v. Wiley*, 241 Fed. Appx. 488, 489 (10th Cir. 2007)(unpublished decision).

However, where, as here, there is no issue of lost good time credit or an increased sentence, the claims are not properly brought pursuant to § 2241, which concerns claims that a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rather, a federal prisoner

---

[1]
A copy of this unpublished order is attached to the Answer and Return in this matter as Attachment 6.

pursuing relief where no loss of good-time credits occurred must proceed under *Bivens*.

Accordingly, the court concludes the petitioner is not entitled to habeas corpus relief and will dismiss this matter.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 6th day of June, 2012, at Topeka, Kansas.


                              S/ Richard D. Rogers
                              RICHARD D. ROGERS
                              United States District Judge

4